UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LYLE ORR, <br><br> Plaintiff, <br><br> v. <br><br> WHITLEY COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 1:24-CV-438-CCB-SJF |

OPINION AND ORDER

Lyle Orr, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Orr is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Orr is a pretrial detainee at the Whitley County Jail. He claims that prior to his incarceration he had bypass surgery and has a stent in his chest. He claims that he has been having chest pain in the area of the stent for weeks but has not been seen by a

doctor for this issue. He claims medical staff at the jail ordered his records from the private medical facility where he was previously treated but have not taken steps to have him evaluated by a cardiologist or otherwise addressed his chest pain.

He further claims he was seen by a nurse on October 9, 2024, for an unspecified problem with his ear, but she did not have the proper instrument to look in his ear so she only took his vital signs. Additionally, he claims he has been waiting two months to see a dentist to have two teeth pulled. It can be discerned that medical staff have been giving him salt packets to rinse his mouth with in the interim. Based on these issues, he sues the Whitley County Jail and Quality Correctional Care, the private company that employs medical staff at the jail, seeking monetary damages and injunctive relief.

Because Orr is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To assert a Fourteenth Amendment violation based on the denial of medical care, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough

for the plaintiff to allege negligence or even "gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Orr the inferences to which he is entitled at this stage, he has alleged an objectively serious medical need, namely, chest pain and a prior bypass surgery for which he has a stent. Regarding the problem with his ear and his teeth, the court concludes that he has not provided enough detail about these issues to state a plausible Fourteenth Amendment claim, such as the nature of the problem or what symptoms he has been experiencing. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards.[1] *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

Turning to the remainder of the *Gonzalez* factors, Orr has not named any individual who committed a volitional act regarding his medical care that could be deemed objectively unreasonable. Instead, he sues the jail itself and the corporation that employs medical staff at the jail. The jail is not a viable defendant because it is a building, not a person or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

As for Quality Correctional Care, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable solely because it employs medical staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A

---

[1] If he believes he can add additional details to state a plausible constitutional claim regarding these issues, he is free to file an amended complaint. *See* Fed. R. Civ. P. 15(a).

3

private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it cannot be held liable for the actions of its employees "unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official policy that caused him injury. *Grieveson*, 538 F.3d at 771. A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Orr does not identify an official policy held by Quality Correctional Care that caused him injury, nor does he allege facts permitting a reasonable inference that Quality Correctional Care has an official custom that violates the Fourteenth Amendment. Instead, he describes neglect by the individuals who have provided his care. Isolated incidents of wrongdoing do not form the basis for a *Monell* claim. *Howell*, 987 F.3d at 654. He will not be permitted to proceed against this corporate defendant.

Nevertheless, the complaint alleges that he has an ongoing need for medical treatment for a serious medical problem. Although he has not named a defendant who could be held liable for damages, the Commander of the Whitley County Jail is an appropriate person to ensure Orr receives the medical care he is entitled to under the

4

Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Orr will be permitted to proceed against the Commander in his official capacity solely for injunctive relief related to his need for medical care.

Orr has not formally moved for a preliminary injunction, but the court is required to construe his filings liberally. *Erickson,* 551 U.S. at 94. He claims to have a pressing medical need that requires prompt medical attention, as he is concerned the stent might be leaking or that one of his heart valves is blocked. He asks that the court order jail staff to have him evaluated by a cardiologist. The court will infer a request for a preliminary injunction in his complaint.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). In assessing the merits, the court does not

5

simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts —like the one Orr seeks—are viewed with particular caution and are "sparingly issued[.]" *Mays*, 974 F.3d at 818. Additionally, in the prison context, the court's ability to grant injunctive relief is limited; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

At present, the court only has Orr's version of events and it is difficult to assess whether he is likely to succeed in proving that his medical care has been constitutionally inadequate, which requires more than a showing of negligence or even gross negligence. *Miranda*, 900 F.3d at 353-54. In light of the limitations on granting injunctive relief in the correctional setting, the court will order a response from the Commander before taking further action on Orr's request for a preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to add the Commander of the Whitley County Jail as a defendant;

(2) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for a preliminary injunction;

(3) GRANTS the plaintiff leave to proceed against the Commander of the Whitley County Jail in his official capacity to obtain medical care for chest pain as required by the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES the Whitley County Jail and Quality Correctional Care as defendants;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Commander of the Whitley County Jail by email to the Whitley County Sheriff's Department with a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to fax or email a copy of the same documents to the Commander at the Whitley County Jail;

(8) ORDERS the Whitley County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

7

(9) ORDERS the Commander to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **November 29, 2024**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical needs and the treatment, if any, he is currently receiving; and

(10) ORDERS the Commander to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 24, 2024

s/ Cristal C. Brisco
JUDGE
UNITED STATES DISTRICT COURT